IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                        *
COLUMBIA GAS TRANSMISSION LLC,
                        *
    Plaintiff,
                        *
        v.
                        *    CIVIL NO.: WDQ-14-2288
0.85 ACRES, MORE OR LESS, IN
HARFORD CNTY., MD, ET AL.,
                        *
    Defendants.
                        *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Columbia Gas Transmission LLC ("Columbia") filed a complaint in condemnation against a parcel of property ("the Property")[1] and its owners, Frank A. Tedeschi and Susan M. Tedeschi ("the Defendants").  Columbia seeks to exercise its power of eminent domain under the Natural Gas Act[2] to acquire permanent and temporary easements over the Property.  Pending are Columbia's motions for partial summary judgment and for immediate possession.  The Court held a hearing on September 3, 2014.  For the following reasons, the motions will be granted.

---

[1] Columbia identifies the parcel as "real property in the Fourth Election District, Harford County, Maryland, described as Parcel Identification Number 04-080173, as is more particularly described in a deed recorded in the land records of Harford County, Maryland, in Liber 2383, Folio 98 and comprising two (2) acres, more or less . . . ."  ECF No. 1 at 3.

[2] 15 U.S.C. §§ 717, *et seq.*

I.  Background[3]

Columbia is an interstate natural gas company as defined by the Natural Gas Act and is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").  *See* ECF No. 7-2 at 2; 15 U.S.C. § 717a(6).  Columbia is the operator of a 26-inch natural gas pipeline designated Line MA.[4]  Columbia must create Line MB to meet the public need for natural gas and to address safety concerns for the aging pipeline, including "risks that the pipeline may fail, collapse, explode, or leak, causing bodily and property injury or death."  See ECF No. 7-2 at 2.

On October 22, 2012, Columbia filed a FERC request for authorization to construct and operate facilities to create line MB.  ECF No. 1-2 at 1.  The Defendants' property is within the path of Columbia's proposal.  ECF No. 7-3 at 5.[5]  In its

---

[3] The facts are taken from the testimony and arguments of the parties at hearing; the complaint, ECF NO. 1; Columbia's motion, ECF No. 7; the Defendants' opposition, ECF No. 11; Columbia's reply, ECF No. 15; and their supporting exhibits.  In reviewing a motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in [her] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[4] In its complaint, Columbia claimed that it was the operator of Line MB and that this project was to improve and expand Line MB. *See* ECF No. 7-2 at 2.  During the hearing, however, Columbia's counsel explained that Columbia operated Line MA which was built in the 1950s.  Line MB is going to be a redundant pipeline that will address the safety concerns and issues with Line MA.

[5] ECF No. 7-3 is the affidavit of Michael McClain, Columbia's Project Land Manager.

proposal, Columbia requested a 75-foot construction right-of-way and 50-foot permanent easement for the pipeline.  ECF No. 1-2 at 34.

Columbia made several attempts to negotiate an easement with the Defendants.[6]  ECF No. 7-3 at 5.  On January 29, 2013, the Defendants attended a meeting with Columbia to discuss a reroute option for the pipeline that they preferred.  *Id.*  On February 21, 2013, Columbia offered the Defendants $53,200.00 for the easement agreements.  *Id.*  On February 28, 2013, Mr. Tedeschi met with Michael McClain to review aerial imagery of the proposed pipeline route and workspace.  *Id.*

On March 30, 2013, Columbia's acquisition agent went to the Defendants' home to deliver an advanced copy of the requested written offer.  *Id.* at 6.  The Defendants were not available to discuss the offer; the acquisition agent left a card asking the Defendants to contact him.  *Id.*  On April 5, 2014, Columbia sent the Defendants a written offer via certified mail.  *Id.*  On April 13, 2013, Mr. Tedeschi called the acquisition agent, confirmed receipt of the offer letter, and stated that they would discuss the offer with their attorneys.  *Id.*  "[T]he agent asked if there was anything that could be done to . . . expedite an amicable agreement."  *Id.*

---

[6] The Defendants do not dispute that these negotiations occurred as Columbia describes.  *See* ECF No. 11 at 1-2.

On April 15, 2013, the Defendants sent Columbia a letter concerning a possible agreement and including stipulations.[7]  *Id.* On May 2, 2013, Mr. Tedeschi called Columbia and requested a formal response to the proposed stipulations.  *Id.*  On May 3, 2013, Columbia and the Defendants attempted to schedule an assessment to address some of the Defendants' damage concerns. *Id.*  On May 8, 2013, Columbia sent to the Defendants a formal response addressing their concerns.  *Id.*  On June 3, 2013, Columbia's Right-of-Way Supervisor called Mr. Tedeschi "in effort to resolve outstanding issues [regarding the Defendants' Septic Reserve Area ("SRA")] and accommodate settlement."  *Id.* at 7.  On June 25, 2013, Columbia sent an offer letter to the Defendants to purchase the easements.  *Id.*

On November 21, 2013, FERC issued Columbia a Certificate of Public Convenience and Necessity ("FERC Certificate") granting Columbia's October 22, 2012 request.  *Id.* at 1.[8]  The FERC

---

[7] The parties do not provide this letter or describe the stipulations requested beyond a summary that the Defendants were concerned about the damage the easements would cause to trees and their well and septic system.  *See* ECF No. 7-3 at 6.  The Defendants also assert that the temporary construction easements will destroy several valuable enhancements on the Property, including "ornamental trees, macadam driveway, and a brick mailbox structure."  ECF No. 11 at 3.

[8] Addressing the width of the proposed easement, FERC determined that "Columbia's 75-foot construction right-of-way and 50-foot permanent easement widths are typical widths used industry-wide to ensure safe working conditions and minimize encroachment on the pipeline."  ECF No. 1-2 at 34.

Certificate placed conditions on Columbia's project, including addressing possible issues with homeowners' SRAs. *See* ECF No. 1-2 at 47-51. In Harford County, landowners who wish to reduce the size of their SRA because of the presence of a pipeline must seek approval of a re-filing plat with the Harford County Bureau of Environmental Health. *See* ECF No. 1-2 at 31. As a condition of the FERC Certificate, Columbia was required to submit the reduction requests before construction. *See* ECF No. 1-2 at 31, 52.

The FERC Certificate gave Columbia two years from the date of the order to complete construction. *Id.* at 44. Columbia was scheduled to begin construction on April 1, 2014. ECF No. 7-3 at 2.

Columbia "initiated the work necessary in order to file the adjusted SRA plats and obtain approval from Harford County." ECF No. 15-2 at 2. On April 23, 2014, the County Attorney for Harford County informed Columbia that the County would not accept Columbia's plat requests because Columbia was neither the owner of the properties nor the owners' agent. *Id.* at 3. On May 5, 2014, Columbia filed a request to modify the SRA condition because Harford County's position made it impossible for Columbia to comply. ECF No. 15 at 3-4.

Columbia contacted the Defendants "[o]n multiple occasions between January through March of 2014 . . . to discuss wells and

SRAs in order to facilitate an agreement." *Id.* at 7.   On May

21, 2014, the parties met, but an agreement could not be

reached.   *Id.*   The Defendants did not accept Columbia's offer.

*Id.*

On May 30, 2014, FERC granted Columbia's request for

modification of the SRA condition.[9]   ECF No. 15-3 at 2.   To meet

the October 31, 2014 in-service deadline for Line MB, Columbia

must begin construction on the Property by September 15, 2014.

ECF No. 15-1 at 1.   "A delay in the construction work and

acquisition of the easements increases [public safety] risk each

day the old pipeline remains in the ground."[10]   ECF No. 7-3 at 2.

On July 18, 2014, Columbia filed its complaint in

condemnation.   ECF No. 1.   On August 7, 2014, Columbia moved for

partial summary judgment that it was entitled to the easements

---

[9] FERC found that Columbia had made a "reasonable attempt" to
comply with the condition.   ECF No. 15-3 at 2.   Under the
modified condition, Columbia was required to file "documentation
showing that the plats with adjusted septic reserve areas have
been provided to Harford County . . . ."   *Id.*

[10] "[The] safety concerns associated with aging pipelines include
risks that the pipeline may fail, collapse, explode, or leak,
causing bodily and property injury or death and/or leaving the
residents of Baltimore and Harford Counties without gas
service."   ECF No. 7-3 at 2.   The Defendants never argue that
Line MA is safe, and these safety risks do not exist.   *See* ECF
No. 11 at 11-12.   At the hearing, the Defendants argued that
Line MB is simply a redundancy.

under the Natural Gas Act[11] and for immediate possession of the easements.   ECF No. 7.   On August 25, 2014, the Defendants responded.   ECF No. 11.   On August 27, 2014, Columbia replied[12] and the Defendants filed a supplement to their opposition.[13] This Court held a hearing on September 3, 2014.

II. Analysis

  A. Legal Standard

    1. Summary Judgment

    The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).[14]   In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."   *Anderson,* 477 U.S. at 249.   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Id.* at 248.

---

[11] Columbia did not move for summary judgment that its $53,200.00 offer was just compensation for the easements.   *See* ECF No. 7.

[12] ECF No. 16.

[13]   ECF No. 14.

[14] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment."   Fed. R. Civ. P. 56 advisory committee's note.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [her] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

2. Immediate Possession through Injunctive Relief

A preliminary injunction is an extraordinary and drastic remedy. *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008); *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 524 (4th Cir. 2003). A party seeking an injunction must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm if an injunction is not granted, (3) the balance of equities is in its favor, and (4) an injunction is in the public interest.[15] *Winter v. Natural Res. Def. Council,*

---

[15] The Fourth Circuit has often stated the factors to be considered when a court is deciding whether to grant a preliminary injunction: (1) likelihood of irreparable harm to the plaintiff, (2) likelihood of harm to the defendant, (3) plaintiff's likelihood of success on the merits, and (4) the public interest. *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193 (4th Cir. 1977); *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002). Under *Blackwelder* and its progeny, the court balanced the harms to the parties, and if the balance tipped decidedly in

8

*Inc.*, 555 U.S. 7, 20-21 (2008); *WV Ass'n of Club Owners and Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009).

Irreparable harm must be likely, not merely possible. *Winter*, 129 S. Ct. at 375-76.  The Court must balance the competing claims of injury and considers the effect on each party of the granting or withholding of the requested relief. *Id.* at 376 (*quoting Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).  The Court should also particularly regard the public interest.  *Id.* at 376-77.

B. Columbia's Motion for Partial Summary Judgment

Columbia argues that it is entitled to partial summary judgment because it has satisfied all the elements for condemnation required by the Natural Gas Act.  ECF No. 7-2 at 4. The Defendants contend that Columbia is not entitled to the easements because Columbia exceeded the authority of the FERC Certificate, has not complied with the conditions of the FERC certificate, and "intends to cause unnecessary additional damage to the [] Property."  ECF No. 11 at 2-3.

---

favor of the plaintiff, and the plaintiff had raised litigable questions, he would receive an injunction.  *Scotts*, 315 F.3d at 271.

However, in *Real Truth About Obama, Inc. v. FEC*, the Fourth Circuit stated that a plaintiff seeking an injunction must show all the elements noted above.  575 F.3d 342, 346-47, 351 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *remanded to* 607 F.3d 355 (4th Cir. 2010).

The Natural Gas Act grants a natural gas company the power to exercise eminent domain over the necessary property and right of way to construct a pipeline if 1) the company holds a certificate of public convenience and necessity, and 2) the company "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid . . . ." 15 U.S.C. § 717f(h); *see East Tenn. Natural Gas, LLC v. 1.28 Acres in Smyth Cnty., VA, et al.*, No. 1:06-cv-00022, 2006 U.S. Dist. LEXIS 24450, at *26-27 (W.D. Va. April 26, 2006).

### 1. Columbia Holds a FERC Certificate of Public Convenience and Necessity

The Defendants do not dispute that on November 21, 2013, Columbia received the FERC Certificate to construct line MB. *See* ECF No. 4 at 14; ECF No. 11 at 1-2.  The Defendants assert that Columbia is not entitled to partial summary judgment because Columbia did not comply with the conditions of the FERC Certificate, exceeds its authority by attempting to claim larger easements than FERC authorized, and will cause unnecessary damage.  ECF No. 11 at 2-3.

The Defendants argue that Columbia did not comply with the condition that Columbia file the adjusted SRA plats and obtain Harford County's approval.  ECF No. 11 at 3.  However, it is undisputed that Columbia attempted to fulfill this condition and Harford County informed Columbia that only the Defendants or

10

their agents could file an adjusted SRA plat request.   ECF No. 15-2 at 3.   Also, FERC granted Columbia's request for modification of the SRA condition.   ECF No. 15-3 at 2.

Even assuming, for argument's sake, that Columbia is violating the FERC Certificate conditions, this would not affect the validity of the FERC Certificate or Columbia's ability to exercise its authority of eminent domain.[16]

The Defendants next assert that Columbia cannot act as a valid holder of the FERC Certificate because the easements sought by Columbia are larger than the FERC Certificate provides.[17]   ECF No. 11 at 2.   Columbia responds it is only seeking "the necessary right-of-way to construct, operate, and maintain a pipe line," exactly what is authorized by the Natural Gas Act and the FERC Certificate.   *See* ECF No. 15 at 6. Columbia clarifies that the plat relied on the Defendants was a proposed agreement given to the Defendants for negotiations, and

---

[16]*See Columbia Gas Transmission, LLC v. 76 Acres More or Less, et al.*, No. ELH-14-0110, 2014 WL 2960836, at *3 (D. Md. July 27, 2014) (complaints that the holder of a certificate is violating the certificate must be made to FERC not the district court in a condemnation proceeding); *Millennium Pipeline Co. v. Certain Permanent & Temp. Easements*, 777 F. Supp 2d 475, 481 (W.D.N.Y. 2011) (same).

[17] Specifically, the Defendants contend that Columbia has exceeded the 25-foot width of the easement on either side of the pipeline.   ECF No. 11 at 2.

Columbia could exceed the FERC Certificate if the Defendants agreed.  *See* ECF No. 15 at 6-7.

Columbia attached the same plat to the complaint in condemnation and stated in its motion for summary judgment, "the Easements Columbia seeks are depicted in Exhibit 3 to the Complaint in Condemnation.  *See* ECF No. 1-3; ECF No. 7-2 at 2. The plat does appear to show the proposed permanent easement as exceeding 25 feet in width on the side of the pipeline.[18]  *See* ECF No. 1-3.  However, in his affidavit, McClain states that the easements will be:

> a total of fifty feet (50') in width, generally measured twenty-five feet (25') to the center of Line MB on each side thereof, unless and to the extent that . . . Line MB is installed nearer that twenty-five (25) feet to a boundary of the premises, in which case the right-of-way area shall extend from the boundary on the near side to twenty-five (25) feet on the other side of the pipeline . . . .[19]

Further, in Columbia's proposed order attached to its motion, Columbia requested permanent easements in conformity with McClain's affidavit not the plat attached to the complaint, and asserted that the Court would not be granting Columbia "any substantive rights beyond those to which it is entitled by the FERC Certificate."  *See* ECF No. 7-2 at 2-3.

---

[18] Columbia's counsel also used the plat during the hearing.
[19] ECF No. 7-3 at 4.  The description of the width limitations is identical to that of the Defendants.  *See* ECF No. 11 at 2.

12

These inconsistencies, however, are not issues of material fact that will defeat Columbia's summary judgment motion.  If the Court were to grant summary judgment, it would only be to the extent authorized by the Natural Gas Act and the FERC Certificate.[20]  Accordingly, the Defendants' argument does not defeat Columbia's eminent domain authority under the FERC Certificate; the scope of the authority will just be limited to the Certificate.[21]

The Defendants' final argument is that Columbia is not entitled to exercise its eminent domain power under the FERC Certificate because it will cause unnecessary additional damage to the Property.  ECF No. 11 at 3.  The Natural Gas Act does limit certificate holders to taking only what is necessary to complete the pipeline.[22]  In granting the Certificate, FERC

---

[20] Based on McClain's affidavit and the arguments in its reply, Columbia does not contend that it is entitled to more than the 25-foot permanent easement on the near side of the property. *See* ECF No. 1-3; ECF No. 15 at 6-7.  The plat is the only evidence before the Court that claims a larger easement, but Columbia claims they were only attempting to gain a larger easement through negotiation.  *See* ECF No. 15 at 6-7.

[21] In a recent hearing by other landowners opposing Columbia's use of eminent domain to build Line MB, Judge Hollander heard a similar argument.  *See 76 Acres*, 2014 WL 2960836, at *13.  Judge Hollander determined that Columbia had eminent domain authority and, despite plats showing larger easements, Columbia's arguments had limited it to only those rights provided by statute and the FERC Certificate.  *Id.* at 13-14.

[22] *See* 15 U.S.C. §717f(h).

determined what was necessary to complete this project and analyzed alternate route proposals.[23]   Thus, any damage caused to the Property by Columbia acting within the scope of its FERC Certificate is relevant to the determination of just compensation rather than Columbia's right to exercise eminent domain.[24]

The Defendants question whether Columbia will comply with the limitations of the FERC Certificate.  *See* ECF No. 11 at 2-4. The Defendants do not question the validity of Columbia's FERC certificate.  *Id.*  Accordingly, the Defendants' arguments fail to establish a material issue of fact that bars summary judgment on the issue of Columbia's eminent domain authority.

2. Columbia and the Defendants Did Not Reach an Agreement

Columbia describes a long list of contacts with the Defendants in an attempt to reach a settlement.  *See* ECF No. 7-3 at 4-7.  The Defendants do not contend that these negotiations proceeded differently.  *See* ECF No. 11 at 1-2.  However, they insist that Columbia's offer of compensation was inadequate.[25]

---

[23] *See* ECF No. 1-2 at 8-44; *see also E. Tenn. Gas Co. v. Sage, et al.*, 361 F.3d 808, 830 (4th Cir. 2004) (in granting the Certificate of Public Convenience and Necessity, FERC determined that the project was necessary for the public interest).

[24] Columbia's noncompliance with the FERC Certificate would be an issue for FERC, not this Court.  *See Millennium Pipeline Co.*, 777 F. Supp. 2d at 481.

[25] At the hearing, the Defendants argued that Columbia's easement would make the Defendants' well unusable.  The Defendants

14

*See* ECF No. 11 at 3.  Columbia has not sought summary judgment on just compensation.  Thus, Columbia has established the second element required by 15 U.S.C. §717f(h).[26]

There are no material factual disputes about Columbia's possession of a FERC Certificate and attempts to negotiate with the Defendants.  Columbia has met the requirements to exercise its eminent domain authority under the Natural Gas Act.[27] Accordingly, Columbia's partial motion for summary judgment will be granted.

C. Columbia's Motion for Immediate Possession

Columbia requests that this Court use its equitable powers to grant Columbia immediate possession of the Property in accordance with *E. Tenn. Gas Co. v. Sage, et al.*, 361 F.3d 808 (4th Cir. 2004).  *See* ECF No. 7-2 at 8; ECF No. 15 at 8-13. Columbia argues that it has shown all the necessary elements for

---

requested that the Court use its equitable authority to order Columbia to replace the well at its expense rather have the Defendants bear the cost.  Although the Court is sympathetic to the Defendants, correcting damage to their well is an issue of just compensation, not validity of the easement.

[26] *See* Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece or Land, et al., 210 F. Supp. 2d 1253, 1256-57 (D. Kan. 2002) (finding that gas company holds a FERC Certificate and there is no agreement with landowners is determinative).

[27] *See 76 Acres*, 2014 WL 2960836, at *16; *Columbia Gas Transmission Corp. v. Easement to Construct, Operate, & Maintain a 24-Ince Gas Transmission Pipeline, et al.*, No. 3:07cv00028, 2007 U.S. Dist. LEXIS 55422, at *9 (W.D. Va. July 31, 2007); *1.28 Acres*, 2006 U.S. Dist. LEXIS 24450, at *33.

injunctive relief.  *See* ECF No. 7-2 at 8; ECF No. 15 at 8-13.
The Defendants contend that the Natural Gas Act does not
authorize quick-take authority, that this Court should reject
the *Sage* decision as violating separation of powers, and that
Columbia has failed to establish the necessary showing for
injunctive relief.  ECF No. 11 at 5-11.

> 1. The Court May Use Its Equitable Power to Award Immediate
>    Possession in a Condemnation Case

In *Sage*, the Fourth Circuit determined that a court may use
its equitable power to grant a preliminary injunction awarding
immediate possession to a natural gas company as long as the
court has first determined that the company has a substantive
right to the property.  *See Sage*, 361 F.3d at 823-25.  The
Fourth Circuit concluded that a preliminary injunction granted
after a company established its right to eminent domain was *not*
the same as a quick-take action.[28]  *Id.* at 824-25.

The Fourth Circuit noted that unlike the government's
exercise of quick-take authority, granting immediate possession
through equitable relief does not give the gas company legal

---

[28] "Quick-take" condemnation allows the government to "take
possession of the condemned property at the beginning of the
case" instead of waiting for trial on just compensation.  *Sage*,
361 F.3d at 821; *see also* 40 U.S.C. § 3114.  Only the government
may exercise quick-take authority, and the right must be
specifically granted by Congress.  *See id.*  Quick-take authority
grants the government both possession and *title* to the property
as soon as the government deposits the estimated value of the
property with the court.  *See id.*; 40 U.S.C. § 3114(a), (b).

title to the property. *Id*. at 825. Title passes only after the determination and payment of just compensation. *Id*. Further, when the government exercises quick-take authority, it may take the property after filing a declaration of taking and depositing the estimated value of the property with the court. *See id*.; 40 U.S.C. § 3114(a), (b). No additional showing is necessary. *See Sage*, 361 F.3d at 825. To gain immediate possession through equitable relief, a gas company "must satisfy the strict requirements for a preliminary injunction." *Id*.

Accordingly, this Court rejects the Defendants' quick-take argument. Additionally, the Court declines to follow the Defendants' exhortation that the Court should reject the controlling authority of *Sage* on the basis that it conflicts with the separation of powers doctrine.

    2. Columbia Has Established a Need for a Preliminary Injunction Under *Winter Natural Res. Def. Council, Inc.*

The Defendants argue that Columbia is not entitled to a preliminary injunction because it relied upon the wrong standard in its motion, and failed to make a proper showing under *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008). *See* ECF No. 11 at 10. Columbia replies that, although it cited the wrong case for the preliminary injunction standard, it has made a proper showing under *Winter*. *See* ECF No. 15 at 13.

Columbia must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm if an injunction is not granted, (3) the balance of equities is in its favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20-21.

a. Likelihood Columbia Will Succeed on the Merits

Columbia will prevail on the merits.  This Court has determined that Columbia has eminent domain authority and is entitled to summary judgment on the issue.  *See Sage*, 361 F.3d at 829-30.

b. Likelihood of Irreparable Harm to Columbia

Many courts have held that undue delay, financial burden, construction during winter, and public safety satisfy the irreparable harm requirement.[29]

Columbia asserts that unless it gains immediate possession to the Property it will suffer undue cost and delay in building

---

[29] *See, e.g., Sage*, 361 F.3d at 828-29 (undue delay, significant financial harm, and not meeting FERC's deadline are forms of irreparable harm); *76 Acres More or Less*, 2014 WL 2960836, at *15 (although Columbia could meet its deadline without immediate possession, doing so would increase costs and invite mistakes; thus, establishing irreparable harm); *Easement to Construct*, 2007 U.S. Dist. LEXIS 55422, at *12 (delays in construction schedule are irreparable harm); *1.28 Acres*, 2006 U.S. Dist. LEXIS 24450, at *40 (winter conditions were irreparable harm because of the pipeline's location); *Columbia Gas Transmission Corp. v. Burke*, 768 F. Supp. 1167, 1171 (N.D. W.Va. 1990) (serious threat to public safety from pipeline rupturing or leaking is irreparable harm).

Line MB, will not meet its deadline, and will have to continue construction during winter months.[30]   ECF No. 7-2 at 8; ECF No. 15-1 at 1.   Columbia also argues that the delay poses a threat to public safety.   ECF No. 7-2 at 10.   Accordingly, Columbia has established irreparable harm.

c. Balance of Equities

The Defendants argue that the balance of equities favors them because of "the sacred nature of property rights and the invasive nature of a gas pipeline, as well as the fact that Columbia has not even provided property owners with an appraisal to support their 'offers' of just compensation."   ECF No. 11 at 13.

This Court has determined that Columbia has a right to an easement under eminent domain.   Nothing indicates that the Defendants will suffer any greater harm by allowing Columbia to possess the property immediately instead of after trial and the determination of just compensation.[31]   *See, e.g.*, *Sage*, 361 F.3d at 829; *76 Acres More or Less*, 2014 WL 2960836, at *16.

---

[30] During the hearing, Columbia asserted that there was no leeway in the September 15, 2014 possession date if Columbia is to meet its October 2014 in-service deadline.

[31] Defendants' central argument at the hearing was the damage that the easement would cause to the property.   However, the damage caused by the easement will not change if Columbia takes immediate possession or gains possession after trial. Determining and relieving that damage will be accomplished when just compensation is determined.

19

Awarding immediate possession does not affect the Defendants'
rights to just compensation. *Sage*, 361 F.3d at 829.
Additionally, Columbia has offered to post bond or place its
estimation of the easements' value into the court's registry.
ECF No. 7-2 at 11.  Accordingly, any harm to the Defendants is
"blunted by [their] right to draw down the money [Columbia may]
deposit[] with the Court." *Sage*, 361 F.3d at 829; *see also 76
Acres More or Less*, 2014 WL 2960836, at *16.

> d. The Public Interest

As the *Sage* court determined, "Congress passed the Natural
Gas Act and gave gas companies condemnation power to insure that
consumers would have access to an adequate supply of natural gas
at reasonable prices." 361 F.3d at 830.  Before issuing a
Certificate of Public Convenience and Necessity, FERC
"determine[s] that [a] project will promote these congressional
goals and serve the public interest." *Id.*

The FERC Certificate shows that FERC has determined that
construction of Line MB is in the public interest. *See id.; 76
Acres More or Less*, 2014 WL 2960836, at *16.  Additionally,
allowing an aging pipeline to continue in disrepair threatens
the public's safety. *See 76 Acres More or Less*, 2014 WL
2960836, at *16; *Burke*, 768 F. Supp. at 1171.  "[The] safety
concerns associated with aging pipelines include risks that the
pipeline may fail, collapse, explode, or leak, causing bodily

and property injury or death and/or leaving the residents of Baltimore and Harford Counties without gas service." ECF No. 7-3 at 2. Columbia contends that "[a] delay in the construction work and acquisition of the easements increases these risks each day the old pipeline remains in the ground."[32]

For these reasons, Columbia has satisfied the requirements for a preliminary injunction, and its motion for immediate possession will be granted.

D. The Defendants' Requests

In their supplement to their opposition, the Defendants requested that the Court exercise its equitable powers to "require Columbia to honor the commitments it made to FERC." ECF No. 14 at 2. As previously discussed, the Court will only grant Columbia the authority given by the FERC certificate -- nothing more.[33] Columbia's noncompliance with the FERC Certificate would be an issue for FERC, not this Court. *See* *Millennium Pipeline Co.*, 777 F. Supp. 2d at 481.

At the hearing, the Defendants asserted that this supplement was also a request that the Court exercise its equitable powers to force Columbia to comply with promises it

---

[32] ECF No. 7-3 at 2. Although Columbia does not specify the safety concerns associated with Line MA, the Defendants do not deny that these safety concerns exist. *See* ECF No. 11 at 11-12.

[33] *See supra* Part II.B.1.

made during negotiations.[34]   The Defendants have not shown that they are entitled to a preliminary injunction under *Winter*.   *See* ECF No. 14.   Accordingly, the Court will not grant the Defendants' requests.   Damage caused by Columbia will be addressed during the trial on just compensation.

   III. Conclusion

   For the reasons stated above, Columbia's motions for partial summary judgment and immediate possession of easements will be granted.

_9/8/14_
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[34] These promises included limiting construction on the Property to five days, not removing a mailbox, and digging a new well.

22