IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

COLUMBIA GAS TRANSMISSION LLC,

    Plaintiff,

    v.                      CIVIL NO.: WDQ-14-2288

0.85 ACRES, MORE OR LESS, IN
HARFORD CNTY., MD, ET AL.,

    Defendants.

MEMORANDUM OPINION

Columbia Gas Transmission LLC ("Columbia") filed a complaint in condemnation against a parcel of property ("the Property")[1] and its owners, Frank A. Tedeschi and Susan M. Tedeschi ("the Defendants"). On September 8, 2014, the Court granted Columbia's motion for partial summary judgment. Pending is the Defendants' motion to stay proceedings to permit the sale of the Property. No hearing is necessary. See Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be granted.

---

[1] Columbia identified the parcel as "real property in the Fourth Election District, Harford County, Maryland, described as Parcel Identification Number 04-080173, as is more particularly described in a deed recorded in the land records of Harford County, Maryland, in Liber 2383, Folio 98 and comprising two (2) acres, more or less . . . ." ECF No. 1 at 3.

I.  Background

Columbia is an interstate natural gas company as defined by the Natural Gas Act[2] and is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). See ECF No. 7-2 at 2; 15 U.S.C. § 717a(6). Columbia is the operator of a 26-inch natural gas pipeline designated Line MA. Columbia must create Line MB to meet the public need for natural gas and to address safety concerns for the aging pipeline, including "risks that the pipeline may fail, collapse, explode, or leak, causing bodily and property injury or death." See ECF No. 7-2 at 2.

On October 22, 2012, Columbia filed a FERC request for authorization to construct and operate facilities to create line MB. ECF No. 1-2 at 1. The Defendants' property is within the path of Columbia's proposal. ECF No. 7-3 at 5.[3] In its proposal, Columbia requested a 75-foot construction right-of-way and 50-foot permanent easement for the pipeline. ECF No. 1-2 at 34. On November 21, 2013, FERC issued Columbia a Certificate of Public Convenience and Necessity ("FERC Certificate") granting Columbia's October 22, 2012 request. Id. at 1.[4]

---

[2] 15 U.S.C. §§ 717, et seq.

[3] ECF No. 7-3 is the affidavit of Michael McClain, Columbia's Project Land Manager.

[4] Addressing the width of the proposed easement, FERC determined that "Columbia's 75-foot construction right-of-way and 50-foot permanent easement widths are typical widths used industry-wide

2

On July 18, 2014, Columbia filed a complaint in condemnation against the Defendants and the Property. ECF No. 1. On August 7, 2014, Columbia moved for partial summary judgment asserting that it was entitled to the easements under the Natural Gas Act,[5] and for immediate possession of the easements. ECF No. 7. On September 8, 2014, the Court granted Columbia's motions. ECF Nos. 20-21.

On January 9, 2015, the Defendants moved to stay proceedings to permit the sale of the Property. ECF No. 27. The Defendants argue that "the value of the [D]efendants' property after the taking should not be a matter of debate, as the [D]efendants have engaged a professional real estate agent to list their property for sale as of Monday, January 12, 2015." *Id.* at 2. The Property "should sell in the normal course within 90-120 days." *Id.* On January 26, 2015, Columbia opposed the motion. ECF No. 28. The Defendants did not reply.

II. Analysis

"[V]aluation is not a matter of mere mathematical calculation but involves the exercise of judgment." *United States v. Whitehurst*, 337 F.2d 765, 771 (4th Cir. 1964).

---

to ensure safe working conditions and minimize encroachment on the pipeline." ECF No. 1-2 at 34.

[5] Columbia did not move for summary judgment that its $53,200.00 offer was just compensation for the easements. *See* ECF No. 7.

"Ordinarily, . . . market value is the measure of compensation in condemnation cases; and the difference in market value of the residue before and after taking is ordinarily a fair measure of severance damages." *United States v. Bd. of Educ. Of Mineral Cnty.*, 253 F.2d 760. 763 (4th Cir. 1958). "The best evidence of such value is sales of comparable land within a reasonable time before a taking."[6] *United States v. 100.01 Acres of Land in Buchanan Cnty.*, 102 F. App'x 295, 297 (4th Cir. 2004) (quotation marks omitted). "[O]nly sales consummated within a reasonable time of the taking are relevant in determining the market value of the property taken . . . ." *United States v. 12 Tracts of Land, Comprising 50.07 Acres in Dare Cnty.*, 268 F. Supp. 125, 134 (E.D.N.C. 1967). "The responsibility for determination of comparability of real estate sales and the weight to be given evidence of comparable sales [] rests on the shoulders of the fact finder." *United States v. 7,216.50 Acres of Land, More or Less, Situated in Abbeville Cnty.*, 507 F. Supp. 228, 236 (D.S.C. 1980). However, "[t]he trial court has discretion to exclude evidence of [] sales of

---

[6] "So long as the sales are in the same general vicinity and are not too remote in time, character, and use, the similarities and dissimilarities can be readily recognized and evaluated by an intelligent [fact finder], and by such a comparison help to locate the subject property on the spectrum of known real estate values in the area." *United States v. Bodie Island*, 262 F. Supp. 190, 200 (E.D.N.C. 1967).

the property being valued or of portions thereof when such evidence would confuse or mislead the jury on the question of value." *United States v. 1.604 Acres of Land, More or Less, Situates in Cty. Of Norfolk*, 844 F. Supp. 2d 685, 688 (E.D. Va. 2011).

Columbia argues that the stay should not be permitted because the sale of the property is occurring five to eight months after the taking,[7] and is not "a proper measure of the [P]roperty's value." ECF No. 28 at 28. Although the delay of the sale calls into question its relevance, it would be inappropriate for the Court to rule on the admissibility of the sale evidence now without information about how the real estate broker valued the property, or considering any other evidence from the Defendants which would show that the sale is a reasonable valuation of the property at the time of the taking. *See United States v. 97.19 Acres of Land, More or Less, in*

---

[7] In *United States v. Dow*, 357 U.S. 17, 21 (1958), the Supreme Court established that "the United States may take property pursuant to its power of eminent domain in one of two ways: it can enter into physical possession of property without authority of a court order; or it can institute condemnation proceedings under various Acts of Congress providing authority for such takings." The date of the taking "fixes the date as of which the land is to be valued and the [] obligation to pay interest accrues." *Id.* at 22.

On September 8, 2014, the Court granted partial summary judgment for Columbia under the Natural Gas Act and granted it immediate possession of the property. ECF Nos. 20-21. Thus, September 8, 2014 is the date of the taking.

*Montgomery, Washington, and Alleghany Cntys., Md.*, 582 F.2d 878, 881 (4th Cir. 1978) ("It follows then that the landowner must be allowed to prove the value of the part taken, and then to prove whatever damage might accrue to the remainder as a result of the taking.").

Columbia cites no authority which states that the Court should not permit the Defendants to at least gather and submit evidence of the sale. *See* Fed. R. Civ. P. 26 ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").[8] Accordingly, the Court will grant the motion and stay the case for a limited time to allow for the sale of the Property.

III. Conclusion

For the reasons stated above, the Defendants' motion will be granted.

_3/17/15_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[8] *See also Dickinson v. United States*, 154 F.2d 642, 643 (4th Cir. 1946) (admitting evidence of property sale that occurred six years before its taking); *United States v. 100.01 Acres of Land*, 102 F. App'x. 295, 298 (4th Cir. 2004) (purchase price of the property less than a year before its taking was "extremely probative of fair market value").